# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 18, 2007**

Charles R. Fulbruge III
Clerk

No. 06-41519
Summary Calendar

HAROLD M. LAIRD

Plaintiff-Appellant

v.

CLIFTON MATTOX, Individually and in his official capacity as Captain of Security; KEVIN POWELL, Individually and in his official capacity as Captain of Security; VIRGIL BASS, Individually and in his official capacity as Correctional Officer 4; RUSSELL WALTON, Individually and in his official capacity as Correctional Officer 4; MARCUS GLENN, Individually and in his official capacity as Correctional Officer 4; HENRY BOYKIN, III, Individually and in his official capacity as Lieutenant of Security; UNIDENTIFIED COOK, Individually and in his official capacity as Investigator; FRANK V. HELM, Individually and in his official capacity as Major of Security

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:05-CV-200

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Harold M. Laird, Texas prisoner # 659512, appeals the dismissal of his 42 U.S.C. § 1983 suit without prejudice for failure to exhaust administrative

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

remedies.  Laird argues in pertinent part that the magistrate judge erred in sua sponte dismissing his suit (1)prior to service on the defendants and (2) in toto.

The Supreme Court has recently held "that failure to exhaust is an affirmative defense under the [Prison Litigation Reform Act], and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."  Jones v. Bock, 127 S. Ct. 910, 921 (2007).  As this action was dismissed prior to service on the defendants, and the complaint is silent as to exhaustion on some of the claims, Jones dictates that the magistrate judge erred by sua sponte dismissing the complaint based on its determination that Laird had not exhausted administrative remedies.  Id. at 921.  Additionally Jones held that  an inmate's compliance with the exhaustion requirement as to some, but not all, claims contained in his complaint does not warrant dismissal of the action in toto.  Id. at 924-26.  Because vacation of the judgment is mandated on these bases alone, we do not reach the remainder of Laird's appellate issues.

VACATED AND REMANDED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.